THE MODERN WOODMEN OF AMERICA V. RACHAEL HEATH.

No. 14,001. (79 Pac. 1091.)

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Limitation of Proceeding in Error.* Under section 3580 of the General Statutes of 1901 a proceeding in error to reverse a judgment against a fraternal benefit association must be commenced within sixty days after the rendition of the judgment, and if not then begun the right to review is lost and the judgment must be paid.

Error from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 11, 1905. Dismissed.

*Truman Plantz,* and *Redden & Kramer,* for plaintiff in error.

*Monney & Stratford,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: On November 25, 1903, Rachael Heath recovered a judgment upon an insurance contract against the Modern Woodmen of America, a corporation organized under the laws of Illinois. Upon application ninety days were given to make and serve a case for the supreme court. It was made and served within the prescribed time, and on March 1, 1904, it was settled and signed. With a petition in error, it was filed in this court on April 20, 1904. A motion is now made to dismiss the proceeding upon the grounds, first, that it was not begun within sixty days after the rendition of the judgment, and, second, that the judgment was paid in full by the defendant below on July 27, 1904.

The first ground of dismissal is based on the provision of an act for the organization and regulation of fraternal benefit societies, which relates in part

to societies organized in other states.   Among other things, the act provides as follows:

"Any association authorized to do business under this act refusing or neglecting to make the reports provided for in this act, or which shall exceed its powers, or shall conduct its business fraudulently, or which shall take steps to remove any suit commenced against it in any of the courts of this state to any of the courts of the United States, or which shall fail to pay any judgment rendered against it in any court in this state, unappealed from, within sixty days from the rendition of such judgment, or which shall fail to comply with any of the provisions of this act, shall be excluded from doing business within this state." (Gen. Stat. 1901, §3580.)

While the statute does not expressly state that appeals in such cases are limited to sixty days, it is the manifest legislative purpose that appeals, if taken at all, must be taken within that time.   The provision proscribes and punishes the failure to pay and satisfy a judgment unappealed from within a stated time. The association is given sixty days to determine whether it desires to appeal and to initiate a proceeding for review, and if it is not · done within that time the judgment is final and nothing remains but to pay it.

The time for instituting such a proceeding is much briefer than that ordinarily allowed for commencing proceedings in error, but the matter of time is purely a question for the legislature.   For instance, in divorce proceedings a party complaining of a judgment must decide within ten days whether he will appeal, and must also give notice of his intention to do so within that time, and then he is required to commence the proceeding within four months after the rendition of judgment.   Under the assignment law proceedings to review in the supreme court must be begun within sixty days.   Appeals from judgments in cases contesting county-seat elections must be taken within sixty

days from the time the judgment is rendered. These are only a few of the exceptions to the general rule allowing a year within which to commence proceedings in error, but they are sufficient to show that similar limitations are imposed on matters of equal, if not greater, importance.

The association is a foreign corporation, and the legislature has the right to prescribe the terms upon which it and other like corporations may do business in Kansas. It did prescribe the condition that all judgments unappealed from within sixty days after rendition must be paid. In effect, it said to such associations: "You are given sixty days within which to take an appeal, and if it be not taken within that time the end of the litigation has been reached." It is not enough that steps be taken toward perfecting an appeal, but the appeal must be completed, and if that be not done within the sixty days the judgment is final and the only alternative is payment. We cannot suppose that the legislature intended to treat the judgment as a finality and compel its payment and afterward allow a legal combat over a controversy that had been ended.

Payment of the judgment was in fact made, but it was done in obedience to a demand of the superintendent of insurance, and under protest. No doubt the superintendent of insurance would have exercised the power reposed in him by statute to compel payment if it had been refused, and in a sense the payment was involuntary. The coercion, however, was by force of the law itself. It commanded the payment which was made. By coming into the state and availing itself of the advantages afforded by the statute the association impliedly agreed to comply with the statute and to pay all judgments from which it did not appeal within sixty days.

However, we think the law gave the association but sixty days within which to begin the proceedings in

error, and that judgments not appealed from within that time were no longer open to review. The first ground alleged for dismissal is good, and the proceeding is therefore dismissed.

All the Justices concurring.