THE SONS AND DAUGHTERS OF JUSTICE v. LAURA E. SWIFT *et al.*

No. 14,520.     (84 Pac. 984.)

SYLLABUS BY THE COURT.

1. FRATERNAL BENEFICIARY ASSOCIATIONS—*Proceeding in Error —Limitation.* Section 13 of chapter 23 of the Laws of 1898 (Gen. Stat. 1901, § 3580) limits the time within which fraternal beneficiary associations may appeal from a judgment to sixty days after its rendition. The case of *Modern Woodmen v. Heath,* 71 Kan. 148, 79 Pac. 1091, approved and followed.

2. CONSTITUTIONAL LAW—*"Equal Protection of the Laws."* This construction of the statute does not deprive such associations of the "equal protection of the laws," notwithstanding other litigants have one year within which to perfect an appeal.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed March 10, 1906. Dismissed.

*J. B. Tomlinson,* and *Farrelly & Evans,* for plaintiff in error.

*Albert L. Wilson,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff in error is a fraternal beneficiary association chartered under chapter 23 of the Laws of 1898. On November 4, 1904, the defendants in error recovered a judgment against it on a beneficiary certificate issued by it to one Thomas M. Swift. A case-made for a review of the proceedings was properly and timely made, served, settled and signed, and, together with a petition in error, filed in this court May 24, 1905. The defendants in error challenge the jurisdiction of the court to hear and determine the question presented in the record, and move to dismiss the petition in error for the reason that the proceeding in error was not commenced in this court within the time limited by section 13 of chapter 23, Laws of 1898 (Gen. Stat. 1901, § 3580). The title of the act under which plaintiff in error was chartered reads as follows:

"An act providing for the organization and regulation of fraternal beneficiary societies, orders, and associations, and to provide penalties for violation thereof."

That part of section 13 containing the provision under consideration is as follows:

"Any association authorized to do business under this act refusing or neglecting to make the reports provided for in this act, or which shall exceed its powers, or shall conduct its business fraudulently, or which shall take steps to remove any suit commenced against it in any of the courts in this state to any of the courts of the United States, or which shall fail to pay any judgment rendered against it in any court in this state, unappealed from, within sixty days of the rendition of such judgment, or which shall fail to comply with any of the provisions of this act, shall be excluded from doing business within this state." (Gen. Stat. 1901, § 3580.)

The application of this section to a similar state of facts was considered by this court in *Modern Woodmen v. Heath,* 71 Kan. 148, 79 Pac. 1091, and the section applied, and the cause dismissed. That decision is attacked on the ground that the section does not limit the time within which a beneficiary insurance company may perfect its proceedings in error, but is only an enumeration of acts for the violation of which proceedings shall be instituted by the proper authorities to oust it from doing business, and that until such proceedings have matured into a final judgment of ouster it may legally proceed with the transaction of its business.

The legislature determines what privileges shall be granted and what duties shall be imposed upon corporations created by it, and so long as these privileges or duties do not impinge upon any principles of the fundamental law the only duty of the court is to interpret and apply them. In the creation of corporations of the class to which the plaintiff in error belongs the legislature, for reasons of its own, deemed it expedient to limit the time within which such corporations should pay or appeal from judgments rendered against them. Under the provisions of the statute, if the judgment be not paid or appealed from within sixty days from its rendition the association confronts two conditions: It is denied the right of appeal from that judgment, and an action of ouster will lie against it. This was the interpretation placed on the provision in *Modern Woodmen v. Heath,* supra, and we are satisfied that the statute was properly interpreted.

The plaintiff in error challenges the constitutionality of section 3580 of the General Statutes of 1901, contending that it violates section 1 of the fourteenth amendment to the federal constitution. Under the general provisions of our statute relating to proceedings in error the petition in error may be filed in this court at any time within a year after final judgment.

17—73 KAN.

In the present case, if the plaintiffs had been unsuccessful they could have prosecuted proceedings in error to this court at any time within one year, while under the construction placed upon this section in *Modern Woodmen v. Heath* the plaintiff in error must commence its proceeding in this court within sixty days from final judgment. Therefore it is contended that the plaintiff in error is denied "the equal protection of the laws."

The act under which the plaintiff in error was incorporated was passed for the purpose of chartering, regulating and controlling fraternal beneficiary associations. These organizations conduct a business entirely without capital. In this respect they differ from other business corporations. The usual and ordinary method of collecting judgments against natural persons or other corporations is unavailable against this class of organizations. The beneficiary of its certificate must accept whatever amount the members contribute, not exceeding the face value of a certificate, and neither the beneficiary nor the organization has any legal remedy against a non-paying member. Another difference is that they are exempted from the payment of a license tax by section 3589 of the General Statutes of 1901. In the creation of such corporations it was proper for the legislature to adopt some adequate and effective remedy different from the ordinary remedy for the collection of judgments. Having been created as a distinct class, with privileges, immunities and benefits not enjoyed by others, the legislature could provide special remedies to meet conditions arising out of, and made necessary by, the privileges granted. The contention, therefore, cannot be sustained. The plaintiff in error belongs to a class, and the restrictions of which it complains are imposed alike upon all persons belonging to that class. Mr. Cooley in his Constitutional Law, third edition, at page 249, says:

"The guaranty of equal protection is not to be un-

derstood, however, as requiring that every person in the land shall possess precisely the same rights and privileges as every other person. The amendment contemplates classes of persons, and the protection given by the law is to be deemed equal, if all persons in the same class are treated alike under like circumstances and conditions both as to privileges conferred and liabilities imposed. The classification must be based upon reasonable grounds; it cannot be a mere arbitrary selection."

Equal protection of the law is secured if the law operates alike on all of the same class, provided the classification is not arbitrary or unreasonable. and arises out of the business engaged in or the peculiar manner in which it is conducted, and, as expressed in *Gulf, Colorado & Santa Fe Ry. v. Ellis*, 165 U. S. 150, 165, 17 Sup. Ct. 255, 41 L. Ed. 666, is based "on some difference which bears a just and proper relation to the attempted classification."

One important distinction between this fraternal beneficiary association and individuals and other corporations is that its beneficiaries, as judgment creditors, cannot by the ordinary processes of law collect their judgments. They must look for satisfaction to the voluntary contribution of its members. This membership is varying and uncertain, and a great death-rate necessarily increases its liability, while the means of collection correspondingly decrease. This and other distinctions which the legislature has made are sufficient to authorize and uphold the provision of the statute of which complaint is made.

Under the statute of Oklahoma, which is a reenactment of the Kansas statute, it is provided that in an attachment proceeding against a resident the plaintiff is required to execute an attachment bond, but if the defendant is a non-resident a bond is not required. It was held in *Central Loan & Trust Co. v. Campbell*, 173 U. S. 84, 19 Sup. Ct. 346, 43 L. Ed. 623, that the classification into resident and non-resident defendants was justified, and that the provision did not violate the con-

stitutional inhibition. The constitution does not require the same law to be applied to two distinct classes. It "only requires the same means and methods to be applied impartially to all of the constituents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances." (*Kentucky Railroad Tax Cases,* 115 U. S. 321, 337, 6 Sup. Ct. 57, 29 L. Ed. 414.)

The subject of insurance and the creation, regulation and control of insurance corporations are matters over which the states have assumed to exercise a special supervision. This became necessary because of the many abuses arising out of the manner in which these corporations conducted the business; and all legislative enactments having this object in view should be liberally construed by the courts to further this recognized policy. The time allowed fraternal beneficiary associations to prosecute proceedings in error is not so short as to deprive them of the right of appeal, and in view of the supervision justly exercised by the state over insurance companies for the protection of the public from impositions it is a just and reasonable regulation, and does not violate any of the provisions of section 1 of the fourteenth amendment to the constitution of the United States.

The proceeding in error is dismissed.

All the Justices concurring.