# MARY AROLD

*vs.*

# SUPREME CONCLAVE IMPROVED ORDER OF HEPTASOPHS.

*Fraternal and beneficial orders: by-laws; amendment of—; effect on existing member; limitations of time for bringing suit.*

Where a member of a beneficial society, in his application for membership, has agreed to be bound by the rules or laws then in force, or which might thereafter be adopted, the society has the right to bind him by such after-adopted by-laws, even though the same be not made retroactive in its terms, provided only that such law be reasonable.                    p. 679

The foundation of such laws is their mutual character, which could not be preserved if each member and his beneficiary were only bound by the particular by-laws which were in force at the time each member joined.                    p. 679

A by-law of a mutual beneficial society provided that no action should be brought on any claim unless instituted within one year from the time when the right of action accrued, which was declared to be sixty days after proofs of loss should have been furnished; *held,* such a rule was not an unreasonable restriction upon the rights of members.                    p. 680

*Decided June 26th, 1914.*

Appeal from the Court of Common Pleas of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*George Washington Williams* and *John Holt Richardson,* for the appellant.

*Olin Bryan* and *John C. Tolson* (with whom was *Albert C. Tolson* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

George J. Arold became a member of the Improved Order of Heptasophs on the twelfth of March, 1895, and received a certificate of membership by which, upon his death, his wife Mary was entitled to receive as beneficiary the sum of $1,000. The application for membership contained among other matters this provision:

"I agree to make punctual payment of all dues and assessments for which I may become liable, and to conform in all respects to the Laws, Rules and Usages of the Order now in force, or which may hereafter be adopted by the same."

Two years later, in 1897, the Order adopted the following by-law:

"Sec. 329. No action at law or in equity in any Court can be brought or maintained on any cause or claim arising out of any membership or benefit certificate, unless such action is brought within one year from the time when such right of action accrues. Such right of action accrues sixty days after all proofs called for in case of the death of a member shall have been furnished. In all cases where no proofs of death have been furnished by a beneficiary, as required, with-

in twelve months after such death, all claims that
might have been made shall be regarded as abandoned,
and no proofs thereafter shall be received or any claim
made thereon accepted; and in all cases where blank
proofs of death have been refused by the Supreme
Secretary to the beneficiary or beneficiaries, such right
of action accrues sixty days from and after the day of
the death of a member."

No question is presented of the regularity of the adoption
of Section 329 of the by-laws just quoted.

On November 26th, 1908, George Arold met his death as
the result of a self-inflicted gunshot wound. Proofs of death
were promptly made out and forwarded to the Order. Then
ensued a correspondence between Mrs. Arold and the general
counsel of the Order, in which the latter took the ground that
the beneficiary, Mrs. Arold, by reason of a by-law relating
to suicide was not entitled to the $1,000 named in the certifi-
cate, but only to the sum of $487. This correspondence con-
tinued until the latter part of February, 1909, and was con-
cluded by the payment on March 15th, 1909, to Mrs. Arold
of the $487. There the matter rested until January 28th,
1913, when this suit was brought to recover the difference
between $1,000 and the amount actually paid. The defend-
ant filed various pleas, among them one setting up as a
bar the limitation of time within which suit might be brought
as provided in Section 329.

At the trial, on conclusion of the plaintiff's case, the de-
fendant offered a prayer to direct a verdict for the defend-
ant upon the ground that the suit had not been brought with-
in the time provided by the by-laws of the Order, and the
action of the Court in granting this prayer is the sole ground
of appeal in this case.

It was alleged that the long inaction of the appellant was
induced by the fraud and deceit of the appellee, but there is
no evidence whatever tending in the slightest degree to sus
tain this allegation.

The contention of the plaintiff is that the rights of the parties were fixed as of the time when the deceased became a member of the order, that certain vested rights then attached, which could not be in any manner affected by the subsequently adopted by-laws, and that the by-law as adopted contained nothing to show any intent that it should have a retroactive effect, and so could only be applicable to those who joined the order after the date of its passage.

The case was argued with great earnestness on both sides and very voluminous citation of authorities, but in view of two recent decisions of this Court the law of this State is clearly defined, and no good purpose would be served by a discussion of the various cases cited. Suffice it to say, that the decisions elsewhere are very far from being harmonious, nor is it possible in any way to reconcile them.

The first and most important question now presented is, was Section 329 of the by-laws binding upon members of the Order who had become such prior to its adoption? The same question was before this Court in the case of *Mathieu v. Mathieu,* 112 Md. 625, the opinion being written for the Court by the late JUDGE SCHUMUCKER, and in that it is said: "The mere designation of a person as beneficiary by a member of a mutual benefit society does not confer upon the person so designated any vested right in the fund payable on the death of the member." And a little further on the opinion continued: "The acknowledged rule of construction of legislative statutes by which they are held to be prospective in their operation in the absence of a clearly expressed intention to give them retroactive force, has been generally applied to the by-laws and regulations of corporate bodies. But the Courts have frequently held that by-laws of mutual benefit and similar societies, in view of the nature of the associations adopting them, and the character of the by-laws themselves, operated upon and controlled the relation of existing members to the society, and their rights to its future benefit although such by-laws are not expressed in retroactive  ·

terms. Such has generally been held to be the rule where the member has agreed to be bound by such by-laws as might be enacted." The question was before this Court again in the case of the *Heptasophs* v. *Rehan*, 119 Md. 92, and the by-law there considered was the one which attempted to limit the right of recovery in case of suicide. In that case this Court, through JUDGE BURKE, said, "there appears to be a general concurrence of authority in the proposition that where a member of a fraternal benefit society agrees in his application for membership to be bound by the rules or laws then in force or which might be thereafter adopted, the society, after he had become a member, may enact *reasonable* rules and amendments and bind him to their observance." It is, therefore, the recognized law of this State that where a member of a beneficial society in his application for membership has agreed to be bound by the rules or laws then in force or which might thereafter be adopted, the society has the right to bind him by such after adopted by-law even though the by-law is not in its terms made retroactive, limited only by the qualification that such by-law must be reasonable in its character. This rule is supported by reason as well as by authority. The very foundation of organizations of this character is their mutual character, and if a member or his beneficiary is bound only by such regulations as are in force at the time when he joins the order the result will inevitably follow that different members will have entirely separate and distinct rights as between themselves and the order according to the time when they became members of it, and the mutuality of the organization would be destroyed.

The only remaining question with which this case is concerned is, whether Section 329 of the by-laws is or is not a reasonable regulation. By that it is provided that a right of action should accrue sixty days after all proof of death called for should have been furnished, and that no action at law or in equity should be brought or maintained arising out of

a membership or benefit certificate unless brought within one year from the time when that right of action accrued. In *Bacon on Benefit Societies* (3rd Ed.), sec. 443, it is said, the contract of insurance being a voluntary one the insurer has the right to designate the terms upon which they will be responsible for losses, and a condition that no action against an insurer shall be sustained unless commenced within a certain time is valid, and the same principle is thus stated in 29 *Cyc.* 216: "The constitution, by-laws or certificate generally provide that an action must be brought to recover benefits within a specified period, shorter than that prescribed by the Statute of Limitations applicable to such an action and such provisions are valid so as to bar an action not brought within such time."

This is the doctrine announced by the Supreme Court of the United States in the leading case of *Riddlesbarger* v. *Insurance Co.,* 7 Wall. 386, and followed by the great majority of adjudications of the question since. See also *Modern Woodmen of America* v. *Bauersfeld,* 62 Kan. 340.

It is of course true that the limitation of time for the commencement of suit might be made so short as to be entirely unreasonable, but that cannot be said of the period fixed by the by-law here involved. In many instances an even shorter period of time has been sustained by the Courts as being a reasonable regulation.

We, therefore, concur with the action of the lower Court in granting the prayer directing a verdict for the defendant, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*