CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1918.

---

NELLY MASTERS, APPELLEE, v. MODERN WOODMEN OF
AMERICA, APPELLANT.

FILED OCTOBER 5, 1918. No. 20101.

1. **Death:** PRESUMPTION. "A presumption of death arises from the
continued and unexplained absence of a person from his home
or place of residence for seven years, where nothing has been
heard from or concerning him during that time by those who,
were he living, would naturally hear from him." *Holdrege v.
Livingston*, 79 Neb. 238.

2. ———: ———. "In such case the presumption is that the ab-
sentee died during the first seven years of his unexplained ab-
sence. There is no presumption that his death occurred at any
particular time during said period." *McLaughlin v. Sovereign
Camp, W. O. W.*, 97 Neb. 71.

3. ———: ———: INSURANCE. "In such case an insurer cannot
avoid its contract of insurance on the life of such absentee be-
cause of an alleged violation by the insured of a by-law adopted
by the insurer during such unexplained absence, without evi-
dence that the insured was living when the by-law was adopted."
*McLaughlin v. Sovereign Camp, W. O. W.*, 97 Neb. 71.

4. **Insurance:** ACTION: ATTORNEY'S FEES. Section 3212, Rev. St.
1913, is so far controlled by section 3299, Rev. St. 1913, as to pre-
clude the court from taxing, as part of the costs, an attorney fee
in a suit based upon a certificate of membership in a fraternal
beneficiary association.

APPEAL from the district court for Furnas county:
ERNEST B. PERRY, JUDGE. *Affirmed, as modified.*

672

*Truman Plantz, Thomas S. Allen, Lambe & Butler* and *Nelson C. Pratt,* for appellant.

*John Stevens, contra.*

MORRISSEY, C. J.

Defendant appeals from a judgment entered against it, based on a fraternal benefit certificate issued upon the life of one Masters.

Plaintiff, the wife and beneficiary of the insured, offered no direct proof of death, but relied upon the presumption raised by more than seven years' continued and unexplained absence. Masters disappeared in 1907, and this action was instituted in 1916. At the time of his disappearance, Masters had a life expectancy of 34.6 years.

Defendant contended that the presumption of death is unavailing to plaintiff because of the following by-law adopted by the society in 1908: ''Section 66. The disappearance or long-continued absence of any member unheard of shall not be regarded as evidence of death or give any right to recover on any benefit certificate heretofore or hereafter issued by the society until the full term of the the member's expectancy of life, according to the National Fraternal Congress Table of Mortality, has expired.''

The trial court refused to direct a verdict for defendant, and this constitutes one of the principal errors assigned. The by-law was adopted after Masters' disappearance. It is not binding on the plaintiff. *Olson v. Modern Woodmen of America,*— 164 N. W. (Ia.) 346; *McLaughlin v. Sovereign Camp, W. O. W.,* 97 Neb. 71.

It is further urged, however, that the evidence in the present case overcame any legal presumption of death. One of defendant's witnesses testified that he saw Masters alive in the state of Washington in 1909, but his identification was not positive and unequivocal, and,

on a special interrogatory submitted at the request of defendant, the jury answered that they did not believe the facts thus sought to be proved. Again, with regard to defendant's attempt to account for Masters' disappearance by showing that before his disappearance he mortgaged property not belonging to him and thus rendered himself liable to criminal prosecution, the jury returned a special finding that they did not believe that a fraudulent mortgage had been given. The jury were the sole judges of the credit to be given the testimony offered, and, in view of the special findings made, there is nothing in the record to rebut the presumption of Masters' death. Under this view there is no error either in the instructions given or refused.

Defendant's motion for a new trial on the ground of newly discovered evidence also was properly overruled. The supporting affidavits by which it was sought to be shown that Masters had been seen alive since his disappearance by witnesses other than the one who had testified at the trial, were not such as warranted a setting aside of the verdict. The statements of one of the affiants were purely hearsay, while the date fixed in the other affidavit was prior to the adoption of the bylaw in question and more than seven years before the bringing of the present suit. The showing made was not such, therefore, as could have overcome the presumption of death.

The final assignment of error made is the taxing of a $250 attorney fee against defendant as part of the costs of suit, under section 3212, Rev. St. 1913. This section deals generally with life, accident and indemnity insurance. Section 3299, Rev. St. 1913, previously enacted, deals directly with such associations as defendant. It provides: "Such societies * * * shall be exempt from the provisions of the statutes of this state relating to life insurance companies except as hereinafter provided; and no law hereafter passed shall apply to them unless they be expressly designated

therein.'' Section 3212 does not expressly designate fraternal beneficiary associations, and it follows that the attorney fee was improperly taxed.

The judgment is modified by striking therefrom the item allowed for attorney's fees, and, as thus modified, it is

AFFIRMED.

LETTON, J., not sitting.