GLADYS MAY GARRISON, APPELLEE, v. MODERN WOOD-MEN OF AMERICA, APPELLANT.

FILED JULY 14, 1920.  No. 21075.

1. Insurance: BENEFICIAL ASSOCIATIONS: BY-LAWS. A by-law of a fraternal benefit society enacted after the issue of the benefit certificate must be reasonable to bind a member, though the certificate provides that the member shall be bound by the by-laws as they then existed, or may be thereafter modified or enacted.

2. ———: ———: ———. A subsequently adopted by-law of a fraternal beneficiary society is not binding upon a member who has agreed in his application and the certificate issued to him that all by-laws then in force or thereafter adopted should be binding upon him, where such by-law provides that the disappearance or long-continued absence of a member unheard of shall not be regarded as evidence of death or right of recovery on any benefit certificate issued by the society until the full term of the member's expectancy of life.

3. ———: ———: PROOF OF LOSS. When a member disappears, and the beneficiary depends upon such disappearance as a presumption of death, the society is estopped from claiming the proofs of loss were not sufficient, where it took the position that it was not liable until actual death was shown, or payments made for term of expectancy.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. Affirmed.

Truman Plantz, P. J. Barrett and Nelson C. Pratt, for appellant.

James R. Swain, contra.

TIBBETS, C.

This is an action by the plaintiff against defendant to recover on a beneficiary certificate. Trial had to a jury. Judgment for plaintiff, and defendant appeals.

The plaintiff in this action is the daughter and sole beneficiary named in a certificate issued by defendant to one G. G. Garrison for $2,000, payable to plaintiff on the death of insured, who at the time of the issuance of the certificate was of the age of 43 years. The defendant is a fraternal beneficiary society incorporated, organized and doing business under the laws of the state of Illinois. Among other conditions contained in said certificate is the following: "This certificate and contract is and shall be subject to forfeiture for any of the causes of forfeiture which are now prescribed in the by-laws of this society, or for any other cause or causes of for-feiture which may be hereafter prescribed by this society by amendment of said by-laws." Another provision contained in said certificate is: "No action can or shall be maintained on this certificate until after the proofs of death and claimant's right to benefits as provided for in the by-laws of this society have been filed with the head clerk, and passed upon by the board of directors, nor unless brought within one year from the date of such action by said board."

The said certificate was executed by defendant on the 16th day of July, 1898, and delivered August 6, 1898. Subsequently the by-laws of defendant were amended to take effect from and after the 1st day of September, 1908, and contained the following:

"Sec. 66. Disappearance No Presumption of Death— No lapse of time or absence or disappearance on the part of any member, heretofore or hereafter admitted into the society without proof of the actual death of such member, while in good standing in the society, shall entitle his beneficiary to recover the amount of his benefit certificate, except as hereinafter provided. The disappearance or long-continued absence of any member

unheard of shall not be regarded as evidence of death or give any right to recover on any benefit certificate heretofore or hereafter issued by the society until the full term of the member's expectancy of life, according to the national fraternal congress table of mortality, has expired within the life of the benefit certificate in question, and this law shall be in full force and effect, any statute of any state or country or rule of common law of any state or country to the contrary notwithstanding. The term 'within the life of the benefit certificate,' as here used, means that the benefit certificate has not lapsed or been forfeited, and that all payments required by the by-laws of the society have been made.''

There was also an amendment to the by-laws which went into effect September 10, 1914, as to proof and requirements to be furnished the society on the death of a member.

The insured continued to pay, or caused to be paid, the assessments from the time the certificate went into effect until about April, 1910, when he disappeared, since which time until the commencement of this action plaintiff and her relatives have paid the assessments due under the certificate. The insured disappeared after the by-law relating to disappearance had been enacted and gone into effect. As to the disappearance of Garrison and the presumption of his death after the lapse of seven years, it is not necessary to enter into a discussion of the same, as defendant has not successfully controverted the fact that he did disappear on the date mentioned and that all the necessary requirements have been met as to a search for his whereabouts. The sole question as we deem it for our consideration is: Was the amended by-law adopted in 1908 conclusive on the plaintiff and her right to recover in this action? This court has decided frequently and it is the well-established rule in this jurisdiction that—''A presumption of death arises from the continued and unexplained absence of a person from his home or place of residence

for seven years, where nothing has been heard from or concerning him during that time by those who, were he living, would naturally hear from him." *Holdrege v. Livingston,* 79 Neb. 238. See, also, *McLaughlin v. Sovereign Camp,* W. O. W., 97 Neb. 71; *Masters v. Modern Woodmen of America,* 102 Neb. 672.

This rule is almost universal, and its adoption was to meet those conditions and circumstances that occasionally arise in human affairs. In the instant case it will not be contended but what the plaintiff would be entitled to recover were it not for the adoption of the by-law by defendant abrogating the presumption of death from seven years' disappearance. As contended by counsel for defendant this is a rule of evidence; but it is such a general rule that parties entering into a contract, and especially one similar to the one involved, would take cognizance of its existence, force and effect, and it would naturally be in contemplation of the parties when entered into. We have been cited by both plaintiff and defendant to the case of *McLaughlin v. Sovereign Camp,* W. O. W., 97 Neb. 71, to maintain their separate contentions. In the *McLaughlin* case the court, after affirming the rule of presumption of death, as heretofore quoted, held: "In such case an insurer cannot avoid its contract of insurance on the life of such absentee because of an alleged violation by the insured of a by-law adopted by the insurer during such unexplained absence, without evidence that the insured was living when the by-law was adopted." In the instant case the by-law was adopted during the life of the insured, and if this court intended to hold in the *McLaughlin* case that in all cases where the by-law was amended, whatever its nature, scope, or character, before the disappearance of the insured, the beneficiary was bound by the amendment, then we are determined as to the right of the plaintiff to recover, and this case should be reversed. But we are not faced with such a contingency. The *McLaughlin* case is not determinate of the rights of the parties in

this case. The question logically occurs as to whether the by-law adopted in 1908 was of such a character as to be binding upon the insured and the beneficiary. As to this proposition the *McLaughlin* case is silent. It determined the issues in that case as far as it became necessary, and did not discuss or decide the question as to the binding force of the by-law or as to the effect of an amendment after the contract was entered into and prior to the disappearance of the insured, or as to whether the same was reasonable or not.

In the case of *Sweet v. Modern Woodmen of America,* 169 Wis. 462, the supreme court in a case analagous to the one at bar, and having under consideration the same by-law, the defendant in that case being the same as the defendant in the present case, held:

"A controversy as to contract rights between a fraternal benefit association and a beneficiary is not an internal affair of the corporation with reference to which the legal decisions of its tribunal can be made conclusive.

"Thus, a by-law of a fraternal benefit association, providing that the disappearance of a member for any period short of his life expectancy should not entitle the beneficiary to recover on the certificate, substantially changed the contract, and could not apply to a certificate theretofore issued, though the insured had agreed that the laws thereafter enacted by the association should become a part of the contract."

The court in the opinion in discussing the provisions of the by-law say: "It is an attempt to establish by contract a rule of evidence and enforce acceptance of the rule upon the courts."

The civil court of appeals of Texas in the case of *Supreme Lodge, K. P., v. Wilson,* 204 S. W. (Tex.) 891, declared the rule to be in that jurisdiction: "Fraternal insurance company's by-law that absence for seven years shall not be evidence of death until full

term of life expectancy of insured has expired was unreasonable as to a policy already existing."

"A bylaw of a fraternal insurance company that no recovery could be had upon any certificate of insured absent seven years until after the expiration of life expectancy was unreasonable as to an existing certificate."

It is true that the statutes of Texas provide ''that any person absent for seven years shall be presumed to be dead. " The court held, however, that the by-law was not only in conflict with the statutes of that state, but it was unreasonable, and by numerous decisions the courts of Texas are committed to the rule that a by-law similar to the one in question is unreasonable, both as to the terms and conditions contained therein and also as an usurpation of the powers of the court.

The supreme court of Kansas in the case of *Hannon v. United Workmen,* 99 Kan. 734, having under consideration a by-law similar to defendant's, arrived at the same conclusion as the Texas court, as to the effect of this particular by-law, and state that the rule to be applied to unexplained absences is so well settled in that state as to have acquired substantially the force of a statute. The court in the *Hannon* case distinguishes many of the cases cited by defendant in support of its contention. The supreme court of Idaho in *Gaffney v. Royal Neighbors of America,* 31 Idaho, 549, declared that a by-law similar to defendant's was void.

The supreme court of Michigan has also arrayed itself on the side of those courts which have held that a by-law containing the provision of the one under consideration in the instant case is an unreasonable one. *Samberg v. Knights of Maccabees,* 158 Mich. 568.

The exhaustive and well-considered opinion in the case of *Richey v. Sovereign Camp, W. O. W.,* 184 Ia. 10, is determinate of nearly, if not all, of the contentions urged by the defendant in the instant case. In that case the supreme court of Iowa not only held that the change in the by-law had by them under consideration was in-

effective to bar the plaintiff from his right of recovery, but also held: "Where beneficiary of member relied upon his absence or disappearance, creating presumption of death, proof of loss furnished society was not required to go beyond showing such disappearance as would raise the presumption.

"Where a member disappeared, and his beneficiary claimed under presumption of death from absence, the society, which flatly took position it was under no liability until actual death were shown or payments were made for term of expectancy, thereby waived different and further proof." (168 N. W. 276.)

We are constrained to adopt the holdings of the Iowa court, not only as to its construction of the force and operation of the by-law passed upon by them, but also as to the ruling of the court as to the sufficiency of the proof of loss furnished. The case at bar and the Iowa case as to those two matters are practically identical, and the reasoning in the Iowa case would apply to the instant case in all the matters in which the facts and law involved in the two cases are similar.

We have had our attention called to *Cobble v. Royal Neighbors of America,* 219 S. W. (Mo. App.) 118, in which that court, having under consideration a by-law similar in all respects to the one in the instant case, held the by-law valid and enforceable and affirmed the judgment of the circuit court from which the appeal was taken. Justice Bradley of that court, however, filed a strong and convincing dissenting opinion and collated the cases bearing on both sides of the question and clearly demonstrated by the argument and authorities cited that the by-law was void and had been so declared by a majority of the courts considering the same, and at his request the case was certified to the supreme court of that state, where it is now pending.

Also the case of *Stein v. Modern Woodmen of America,* decided April 30, 1920, is in point, wherein the appellate court in and for the first district of the state of

Illinois held that the said by-law under consideration in the instant case is not against public policy nor in contravention of any public law, and bases its conclusion largely on the case of *Apitz v. Knights & Ladies of Honor,* 274 Ill. 196, and *Supreme Council, Royal Arcanum v. McKnight,* 238 Ill. 349.

Counsel for defendant cites in his brief in support of his contentions the case of *Olson v. Modern Woodmen of America,* 182 Ia. 1018, where the conclusions of the court were the same as in the case of *Masters v. Modern Woodmen of America, supra,* and *McLaughlin v. Sovereign Camp, W. O. W., supra.* Yet the Iowa court by its decision in the *Richey* case, *supra,* did not consider that it was in any manner modifying or overruling the *Olson* case. Neither do we consider that the conclusion we have arrived at is in conflict with the rule declared in the *McLaughlin* and *Masters* cases. The reasons given in those for the conclusions arrived at would apply with equal force to conclusions we have arrived at in the instant case.

The rule is almost universal that an unreasonable and oppressive amendment to the by-laws of a society of the character of defendent's is inoperative. "All by-laws must be reasonable and consistent with the general principles of the law of the land, which are to be determined by the courts when a case is properly before them." 1 Bacon Life and Accident Insurance, Benefit Societies (4th ed.) sec. 106.

It must be conceded that the courts of some states have upheld amendments to by-laws similar to the one under consideration, notably the courts of Ohio, Mary land, New York, and Illinois, and others inferentially; but we decline to be governed by those, but choose rather to adopt the conclusions arrived at by a majority of and the best-considered cases; the reasoning and conclusions which we consider are in harmony with the previous decisions of this court, and not in violation of public policy, the statutes of this state, or the fundamen-

tal principles governing a change in the laws of a society which is unreasonable and oppressive.

For the reasons heretofore set forth, we recommend that the judgment of the district court be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.

LETTON, J., dissents.