### No. 30,379.

MRS. WILLIAM ASHWORTH, *Appellee*, v. THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellant*.

(10 P. 2d 857.)

Opinion on motion to dismiss filed May 7, 1932.

*Benj. F. Hegler, A. V. Roberts, Roger P. Almond,* all of Wichita, and *M. J. Healy,* of Topeka, for the appellant.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, Ralph W. Oman,* all of Topeka, and *C. M. Kackley,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: After the appeal in the above-named cause was argued and submitted, counsel for appellee filed a motion to dismiss on the ground that the appeal was not taken in time, and in consequence that this court had no jurisdiction to consider it.

Judgment was entered in the trial court on March 28, 1931, and

notice of appeal was filed on June 22, 1931, which was two months and twenty-four days after judgment.

The pertinent statute reads:

"Any society authorized to do business under the provisions of this article refusing or neglecting to make the reports provided in this code, or which shall exceed its powers, or shall conduct its business fraudulently, or which shall fail to pay any judgment rendered against it in any court in this state, there being no appeal pending, within sixty days of the rendition of such judgment, or which shall fail to comply with any of the provisions of this act, shall be excluded from doing business within this state. . . ." (R. S. 1931 Supp. 40-713.)

The section just quoted is part of the insurance code enacted in 1927. Prior thereto a similar provision of statute enacted in 1898 (R. S. 40-716) read:

"Any association authorized to do business under this act refusing or neglecting to make the reports provided for in this act, or which shall exceed its powers, or shall conduct its business fraudulently, . . . or which shall fail to pay any judgment rendered against it in any court in this state, unappealed from, within sixty days from the rendition of such judgment, or which shall fail to comply with any of the provisions of this act, shall be excluded from doing business within this state."

The only change in this statute made by the insurance code, so far as here pertinent, is the substitution of the words "there being no appeal pending" for the words "unappealed from" in the earlier statute. Is this change in the statute so substantial as to permit of a new interpretation of its terms? Under the statute of 1898 certain consequences followed when a fraternal insurance association failed to pay any judgment unappealed from within sixty days after its rendition. Now the statute says those same consequences are to follow when such fraternal insurance society shall fail to pay any judgment, there being no appeal pending, within sixty days after its rendition.

Among the consequences which flowed from disregard of the duty to pay a judgment unappealed from within sixty days, according to the interpretation heretofore given, was a forfeiture of the defendant's right of appeal. In other words, the sixty-day provision was construed to be a limitation as to the time in which an appeal could be taken. (*Modern Woodmen v. Heath,* 71 Kan. 148, 79 Pac. 1091; *Daughters of Justice v. Swift,* 73 Kan. 255, 84 Pac. 984; *Hannon v. United Workmen,* 99 Kan. 734, 163 Pac. 169.)

In resisting the motion to dismiss appellant argues that there is a sufficient difference between the present provision of the statute of

1927 (insurance code) and that of 1898 to warrant a different interpretation of the consequences flowing from failure to pay a judgment in sixty days when there is no appeal pending, and the consequences formerly resulting from failure to pay a judgment unappealed from in sixty days. We think the difference between the two statutes too shadowy to justify any difference in their interpretation. Appellant makes a better argument that the former decision is unsound and should not be followed. To assent to this, however, it would be necessary to overrule the three decisions cited above, in each of which the very point now made—that the statute does not literally declare that sixty days is the time limit for appeal—was stoutly argued and repeatedly considered by the court. Our last decision on this point was in 1917. The legislature has been content to let our ruling stand; and, indeed, when it was actually redrafting this very provision of statute it showed no disposition to specify another interval for appeals in this class of cases.

These considerations lead us to adhere to our precedents and to stand by the interpretation of the sixty-day provision the court has repeatedly made. It follows that appellee's motion must be sustained, and the appeal is therefore dismissed.

SLOAN, J. (dissenting): I am unable to concur in the dismissal of this case. The conclusion reached by this court in *Modern Woodmen v. Heath,* 71 Kan. 148, 79 Pac. 1091, and followed in *Daughters of Justice v. Swift,* 73 Kan. 255, 84 Pac. 984, and *Hannon v. United Workmen,* 99 Kan. 734, 163 Pac. 169, is unsound. This court said in *State v. Guaranty Co.,* 81 Kan. 660, 664: "The decision in *Modern Woodmen v. Heath,* supra, pushed interpretation to the limit"—a recognition of the unsoundness of the former decision. Interpretation has not only been pushed to the limit, but past the limit. This statute was never intended as a limitation on the right of appeal. It was foreign to the thought of the draftsman and the purposes of the legislature. The change made in the statute in the adoption of the insurance code is sufficient to warrant this court in making a correct interpretation of the statute and holding that the statute does not limit the time in which a fraternal benefit society may appeal to this court.

Mr. Justice SMITH joins in the foregoing dissent.