JANE CALDWELL, *Appellee*, v. THE MODERN WOODMEN
OF AMERICA, *Appellant*.

No. 17,832.

OPINION ALLOWING A REHEARING.

SYLLABUS BY THE COURT.

1. INSURANCE—*Death Presumed after Seven Years' Absence* (89 Kan. 11)—*Assured Appears Pending Rehearing of Appeal— New Trial Ordered.* A judgment upon an insurance policy based upon the presumption of the death of the insured person after an unexplained absence of over seven years was affirmed. Afterwards, and while the action was pending upon a motion for a rehearing, evidence was filed in this court tending to prove that the insured person was still alive. A rehearing was granted upon the question whether the issue of death should be again tried in the district court, and upon that question, on leave given to both parties, additional evidence was filed in this court tending further to prove that the insured is living. No evidence is presented to the contrary. It is *held:* (1) that upon the circumstances of this case the defendant is not precluded from asserting that the insured is still alive by its failure to discover and produce proof of that fact at the trial; (2) that this court has jurisdiction to allow a new trial of the single issue of death.

2. ——— *Jurisdiction of Supreme Court—Extraordinary Situation.* While this court has no jurisdiction to determine the issue of death presented in the pleadings, it may, in the exercise of appellate jurisdiction, consider the new evidence in determining the question whether that issue shall be retried in the district court.

3. ——— *Same.* In the extraordinary situation presented, in order that the truth may be ascertained and justice done, a new trial of the issue to determine whether the insured person was living when the action was commenced is allowed.

Appeal from Sedgwick district court, division No. 1. Opinion on rehearing filed July 5, 1913. Remanded for a new trial on one issue only. (For original opinion of affirmance, see 89 Kan. 11, 130 Pac. 642.)

*Rodolph Hatfield,* of Wichita, *Truman Plantz,* and *George Perrin,* both of Rock Island, Ill., for the appellant.

*John W. Adams,* and *George W. Adams,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BENSON, J.: While this action was pending upon a petition for a rehearing the defendant filed depositions in this court tending to prove that W. H. Caldwell, the insured, was still living. On consideration of this evidence the petition was granted so far as to allow a rehearing upon the question whether a new trial should be granted of the particular issue relating to the death of the insured. The parties were thereupon given leave to file further evidence in this court on that question. The defendants have filed depositions accordingly, tending further to prove that Caldwell is still living, and that he had recently visited his family at Hutchinson. No evidence to the contrary has been presented. The plaintiff objects to the consideration of this evidence, as beyond the jurisdiction of this court, and also insists that the defendant did not exercise proper diligence in discovering and producing it at the trial. It is also contended that the time for trying the issues of fact has forever passed and that the fact that W. H. Caldwell was dead before this action was commenced is conclusively determined. The situation is extraordinary. The plaintiff, relying upon the presumption of death after an unexplained absence for over seven years, obtained a verdict and judgment based upon the fact of death so determined. That judgment was affirmed. (*Caldwell v. Modern Woodmen,* 89 Kan. 11, 130 Pac. 642.) The petition for rehearing, however, was still pending when the discovery was made of this new evidence showing *prima facie* that the finding was untrue. Whatever might have been the result had the petition for rehearing been previously denied, in the

present situation the court has jurisdiction to grant or refuse a new trial.

This court can not determine, it is true, from the new evidence the question whether Caldwell is living. If that issue is to be retried it must be retried in the district court, but in the exercise of its appellate jurisdiction this court may, and in the very unusual situation presented should, in order to prevent a failure of justice, consider the new evidence, in determining whether a new trial of that issue should be granted. This evidence, uncontradicted as it is, shows that a mistake was made in a finding of a fact essential to support the judgment. In view of the evidence presented at the trial and the whole situation it can not be held that the defendant is precluded from proving the fact that Caldwell is living because of its failure to discover and produce the evidence at the trial. It may be conceded that when the end of orderly judicial processes is reached, an adjudication, although based upon mistake, is final. Still a miscarriage of justice will not be tolerated so long as the court by the use of such processes can apply a remedy.

To the end that the truth may be determined and justice done a new trial will be allowed of the issue presented by the pleadings to determine whether W. H. Caldwell was alive when the action was commenced. To preserve to the plaintiff the fruits of the litigation in case that issue shall be determined in her favor the judgment will stand, although execution will be stayed until such determination is made, and if the issue shall be determined in her favor the judgment will then be enforced together with any additional judgment for accruing costs to which she may be entitled. If the issue is determined in favor of the defendant the judgment will be set aside and judgment entered in its favor.

The cause is remanded for further proceedings in accordance with these views.