# Schutte, Appellant, *v.* Kibler.

*Beneficial associations—By-laws—Qualification of members—Expul-
sion of member.*

Where a person in the retail liquor business becomes a member of a
beneficial association, and agrees to be bound by all present and future
rules and regulations of the association, and thereafter a rule is made
that any member who shall after a certain date enter into the retail
liquor business, shall thereupon cease to be a member and no acceptance
of dues after he engages in such business shall be considered a waiver
of the regulation, and the member in question loses his license, and
after being out of business for a year resumes the retail liquor business,
such resumption is an entering into the business within the meaning
of the regulation, and his membership ceases and is not preserved by
the acceptance of dues by the association from himself or his wife.

Argued May 2, 1913.  Appeal, No. 143, April T.,
1913, by plaintiff, from decree of C. P. Allegheny Co.,
April T., 1911, No. 407, on bill in equity in case of

Louise Schutte v. James R. Kibler et al., and the Grand Lodge of the Ancient Order of United Workmen. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity to enforce payment of an amount alleged to be due under a beneficiary certificate. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

The court entered the decree quoted in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*G. W. Williams*, for appellant, cited: Chambers v. Knights of Maccabees, 200 Pa. 244; Fullenivider v. Supreme Council of the Royal League, 180 Ill. 621 (54 N. E. Repr. 485); Supreme Lodge Knights of Pythias v. Kutscher, 179 Ill. 340 (53 N. E. Repr. 620); Supreme Lodge Knights of Pythias v. La Malta, 95 Tenn. 157 (31 S. W. Repr. 493); Supreme Commandery Knights of Golden Rule v. Ainsworth, 71 Ala. 436.

*R. A. Balph*, with him *James Balph*, for appellee.

OPINION BY MORRISON, J., October 13, 1913:

The plaintiff, Louise Schutte, is the widow of Charles Schutte who died July 25, 1910. In 1879 Charles Schutte became a member of Schiller Lodge, a subordinate lodge of the Grand Lodge of the Ancient Order of United Workmen, and received from the said Grand Lodge a beneficial certificate which was subsequently canceled and a new certificate, No. 21578, issued by the said organization to the said Charles Schutte, wherein the plaintiff was named as beneficiary. The assessments required under the new certificate were paid up to the time of the death of Charles Schutte, and on July 27, 1910, the plaintiff, on demand of

the secretary of Schiller Lodge, paid to the said secretary an assessment on the beneficial certificate for the month of July, 1910, the secretary being aware at that time of the death of Charles Schutte.

In 1879 Charles Schutte was engaged in the retail liquor business in Allegheny county, Pennsylvania, and with a slight interruption, about 1883, continued in that business until May 1, 1900, when he was refused a license by the court of quarter sessions of Allegheny county. He was not thereafter engaged in the liquor business until July 27, 1901, when a license was transferred to him by the court of quarter sessions of Allegheny county, and he continued to conduct a retail liquor business under the license so transferred until May 1, 1902, when he was again refused a license on his application. On July 29, 1903, he engaged in the retail liquor business in Newark, N. J., and continued in that business until a few months before his death.

In the application of Charles Schutte for a beneficial certificate, he agreed as follows: "I further agree to accept said certificate subject to such laws, rules and regulations as now exist or may hereafter be adopted by and governing said organization."

In October, 1898, the rules governing the defendant organization were amended as follows: "Any member of the Order who shall after August 1, 1893, enter into the business of selling, by retail, intoxicating liquors as a beverage, shall be expelled from the Order. Provided, that any member of the Order, who shall after August 1, 1898, have entered, or who shall hereafter enter into the business or occupation of selling, by retail, intoxicating liquors as a beverage, shall stand suspended from any and all rights to participate in the Beneficiary Fund of the Order and his beneficiary certificate shall become null and void from and after the date of his so engaging in said occupation, and no action of the lodge of which he is a member or of the Grand Lodge or any officer thereof, shall be necessary or a condition precedent to any such

suspension. In case any assessment shall be received from a member who has thus engaged in such occupation after August 1, 1898, the receipt thereof shall not continue the beneficiary certificate of such member in force, nor shall it be a waiver of his so engaging in such occupation." The amount of money paid by the member as assessments on his beneficiary certificate after July 1, 1903, was $792.36.

Upon the findings of fact substantially as above stated the learned court below found the following conclusions of law: 1. "Charles Schutte by entering into the business of selling by retail intoxicating liquors as a beverage on July 27, 1901, became suspended 'From any and all rights to participate in the Beneficiary Fund of the Order,' and 'his beneficial certificate became null and void from and after that date.'" 2. "The defendant Order, having collected from and after the date above mentioned assessments on Schutte's benefit certificate to the amount of $792.36, that amount should be returned to his beneficiary, the plaintiff in this case. The costs shall be paid by the defendant."

"Let a decree be drawn in accordance with the above findings."

The contention of appellant's counsel seems to be that because Charles Schutte was engaged in the retail liquor business when he became a member of the organization, that the amendment of October, 1898, to the rules governing the organization did not affect the beneficiary, the plaintiff, in the present case. The argument seems to be that because Schutte was engaged in the liquor business when he became a member that he did not, within the meaning of the rule, enter into the business of selling by retail intoxicating liquors as a beverage on July 27, 1901. This argument loses sight of the fact, found by the court on sufficient evidence, that Schutte was put out of the liquor business on May 1, 1900, when he was refused a license by the court of quarter sessions of Allegheny county, and it is conceded that he remained out of the

business until a liquor license was transferred to him on July 27, 1901, and he continued to conduct a retail liquor business under that license until the first of May, 1902. The learned court below was of the opinion that this was entering into the business of selling intoxicating liquors as a beverage within the meaning of the amendment to the rules of the organization adopted in October, 1898, and we concur in this view.

It strikes us as peculiar that the amendment of the rules of October, 1898, was apparently made to apply to persons entering into the retail liquor business after August 1, 1893, about five years prior to the adoption of the amendment. But no point is or can be made on that ground in this case, because the amended rule of October, 1898, was not applied to Charles Schutte till July 27, 1901.

In this case there is no dispute about the facts, and all of the judges who sat at the argument concur with the court below in its conclusions of law and decree. The exceptions are to the legal conclusions of the court below and they are headed as follows: "And now, to wit, February 27, 1912, come the solicitors for plaintiff and file the following exceptions to the conclusions of law, and the opinion of the court filed in the above-entitled suit, as follows, to wit:" Then come nine exceptions and it will be noted that none of them question the findings of fact.

The third assignment of error raises the question "that the payment of decedent's dues during his lifetime for several years last past, by the plaintiff out of her own moneys, estops said association and these defendants from any objection to the payment of her claim under the beneficiary certificate, based on the ground that her husband, the said decedent, remained or was in the liquor business." The fourth assignment raises the question "that the payment of the decedent's dues for the month of July, 1910, by the plaintiff, two days after the death of her said husband, the said payment being made at the demand of the secretary of said Schiller Lodge, and with

full knowledge on his part of the death of said decedent, estops said defendants and said association from objecting on any ground to the payment being made to plaintiff under said beneficiary certificate, or is a waiver thereto."

The learned court below did not think the facts above referred to operated as estoppel. The ground of the decision that the beneficiary certificate was forfeited was that the decedent entered into the retail liquor business long after he knew and was bound to know of the amendment of October, 1898, to the rules of the organization. After being out of the liquor business and re-entering it, Charles Schutte was bound to know that his beneficiary certificate at once became null and void on and after July 27, 1901, and the present plaintiff, beneficiary under said certificate, could not and did not, by paying dues, acquire any higher or greater rights under the certificate than the rights of the husband thereunder. Charles Schutte, the decedent, and the plaintiff had no right to assume that the beneficiary certificate was in force after July 27, 1901. Nor had the organization any right to collect and receive the dues from Schutte during his lifetime nor from the plaintiff after his death and this is the ground upon which the learned court below decreed that the defendant order should repay to the plaintiff $792.36, with interest thereon from February 17, 1912. Upon the facts of the case we think this decree does exact equity.

The assignments of error are all dismissed and the decree is affirmed, the costs of this appeal to be paid by the plaintiff.