LIZZIE APITZ, Plaintiff in Error, *vs.* THE SUPREME LODGE KNIGHTS AND LADIES OF HONOR, Defendant in Error.

*Opinion filed June 22, 1916.*

1. PRESUMPTIONS—*a presumption of death arises from seven years' absence.* The continued, unexplained absence of a person for seven years without being heard from raises a presumption of law that he is dead; but in the absence of evidence on the subject there is no presumption that death occurred at any particular time, other than that he is first accounted as dead at the end of the seven years.

2. BENEFIT SOCIETIES—*when subsequent by-laws are binding.* Where the contract between a member of a benefit society and the society reserves the right to the society to change or amend its by-laws, and the member agrees to be bound thereby and accepts the certificate under such conditions, he is bound by reasonable by-laws subsequently enacted.

3. SAME—*by-law providing for suspension of member after one year's continued disappearance is reasonable.* A by-law providing for the suspension of a member after one year's continued disappearance, during which time his place of residence is unknown and cannot be ascertained upon diligent inquiry, is reasonable, where it further provides for re-instatement of the member in the regular way if he thereafter returns and desires re-instatement.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

ROY F. HALL, for plaintiff in error.

CARPENTER & ST. JOHN, and ASHCRAFT & ASHCRAFT, (EDWIN M. ASHCRAFT, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error is a fraternal benefit association. December 29, 1894, it issued a benefit certificate to August F. Apitz in which plaintiff in error was named as beneficiary. Apitz disappeared from his home November 7, 1905,

and has not since been heard from. Plaintiff in error, as beneficiary, brought an action in assumpsit in the circuit court of Winnebago county on the certificate September 23, 1913. By one count of the declaration Apitz's death was alleged to have occurred on the day of his disappearance; by another that his death occurred within one year from the time of his disappearance; and by a third count that it occurred at the end of seven years from the date of his disappearance. Defendant in error filed the general issue, and also gave notice it would rely upon two by-laws,—sections 3 and 9, known as the "Limitation" and "Disappearance" by-laws. Section 3, (the limitation by-law,) which limited the time within which a beneficiary might bring suit to one year from the date of the member's death, in the view we take of the case need not be set out or discussed. The trial court instructed the jury that if Apitz did not die within one year from the date of his disappearance the verdict should be for defendant, and submitted an interrogatory for the jury to find specially whether he died within one year from November 7, 1905, (the date of his disappearance,) which the jury answered affirmatively, and by their general verdict found for plaintiff in the sum of $1480. The court, after requiring a *remittitur* of $355, overruled a motion for a new trial and rendered judgment on the verdict for $1045. On appeal to the Appellate Court for the Second District that court reversed the judgment, with a finding of fact that Apitz died November 7, 1912, and that under the by-laws of defendant, to which the certificate sued on was subject, he stood suspended after November 7, 1906, and that the plaintiff had no cause of action upon the certificate. The case comes to this court by writ of *certiorari*.

We agree with the Appellate Court that there was no evidence introduced on the trial to justify the finding of the jury that the death of Apitz occurred within a year from the date of his disappearance, nor, in fact, that his death occurred at any particular time. Apitz was never seen or

heard of after November 7, 1905. No reasons for nor explanation of his disappearance were proven on the trial, and the fact of his death rests upon the presumption of law from seven years' absence. The finding of fact by the Appellate Court may be treated as a finding that Apitz. did not die within a year from the date of his disappearance. The plaintiff in error paid the benefit assessments for one year after her husband's disappearance, including November, 1906, when she was notified by defendant in error that the payments of assessments would no longer be received.

The legal presumption from his continued absence for seven years establishes the fact of Apitz's death, and the time he is first to be accounted as dead is the end of the period of seven years. In the absence of evidence to the contrary there is no presumption that death occurred at any particular time, but at the end of the period of seven years' absence, on grounds of public policy, the law presumes him to be dead. (*Whiting* v. *Nicoll,* 46 Ill. 230; *Johnson* v. *Johnson,* 114 id. 611; *Donovan* v. *Major,* 253 id. 179.) The main question, therefore, for our consideration is whether section 9 of the by-laws of defendant in error is valid and was binding on Apitz. Said section 9 is as follows:

"Sec. 9. It shall be the duty of a relief-fund member of the order to notify the secretary of his lodge of any permanent change of residence, and, as far as practicable, to keep the secretary advised of his post-office address. If any such member shall so fail and shall change his residence or usual place of abode, or shall disappear from the place or neighborhood in which he shall have usually resided, and his residence shall not be known to his family or the secretary of his lodge and cannot be ascertained after reasonably diligent inquiry, and such disappearance shall be continued for one year, such member shall stand suspended as in case of suspension for the non-payment of assessments or dues, and the financial secretary of his lodge shall not

receive the assessment or dues from any person. If such member shall re-appear and shall make known his place of abode and shall desire to become re-instated, he may avail himself of the privilege of the re-instatement law of the order by complying with the requirements of the same within the time required, as in case of re-instatement of members suspended for non-payment of assessments or dues."

Plaintiff in error contends said by-law is unreasonable and does not apply to the contract between Apitz and defendant in error. The trial court held the by-law to be binding and valid when it instructed the jury that if Apitz did not die within one year from the date of his disappearance the verdict should be for the defendant, and plaintiff in error assigned no cross-error upon that ruling. The Appellate Court approved that ruling, and under the condition of the record as presented to us we might decline to consider the question now raised as to the effect of said by-law upon the contract. However, we have considered the question, and are of opinion the by-law is valid and applicable to the contract between Apitz and defendant in error. The contract was not materially different from many other fraternal insurance contracts passed upon by this court. It was conditioned upon the member conforming in all respects to the laws, rules and usages of the society "now in force or which may hereafter be adopted by the same," and it was agreed that in case of Apitz's suspension from the order he should forfeit the right of his beneficiaries to all benefits and privileges under the contract. Section 9 was adopted after Apitz had joined the society. We have held that the beneficiary has no vested interest in the certificate, and where the contract between the member and the society reserves the right to the society to amend or change the by-laws, and the member agrees to be bound thereby and accepts the certificate under those conditions, subsequently enacted by-laws are binding upon him. ( *Royal Arcanum* v. *McKnight,* 238 Ill. 349, and cases there cited.) "A party cannot claim the

right to have a contract remain unaltered when the contract itself provides that it may be changed." (*Baldwin* v. *Begley,* 185 Ill. 180.) We are of opinion the by-law (section 9) was not invalid as being unreasonable. By-laws of a similar nature have been sustained in *Kelly* v. *Catholic Mutual Benefit Ass'n,* 46 App. Div. (N. Y.) 79, and in *Mc-Govern* v. *Brotherhood of Firemen and Engineers,* 21 Ohio Cir. 243, affirmed without an opinion in 85 Ohio St. 460. The by-law was no more unreasonable than by-laws passed subsequent to issuing the benefit certificate forfeiting the benefit when the insured changed his employment to certain prohibited occupations or committed suicide, and such by-laws have been sustained. *Supreme Lodge Knights of Pythias* v. *Kutscher,* 179 Ill. 340; *Same* v. *Trebbe,* id. 348; *Ellerbe* v. *Faust,* (Mo.) 25 L. R. A. 149; *Langnecker* v. *Trustees of A. O. U. W. of Wisconsin,* (Wis.) 55 id. 185; *Norton* v. *Catholic Order of Foresters,* (Iowa,) 114 N. W. Rep. 893.

Plaintiff in error insists proper preliminary proof was not made on the trial to justify admitting the by-law in evidence. No cross-error was assigned by plaintiff in error on the appeal to the Appellate Court upon this ruling, nor was the specific objection that it was not shown the by-law was adopted by a two-thirds vote of all the members present at a regular meeting or session of the supreme lodge made at the trial. A consideration of the proof, however, satisfies us that there was no error committed by the trial court in admitting the by-law in evidence as a by-law of the society. Apitz stood suspended after the expiration of a year from the date of his disappearance, and under said by-law (section 9) his contract was forfeited and all right of recovery of benefits barred.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*