## Modern Woodmen of America, Appellee, v. Julia A. Binder, Appellant.

### Gen. No. 6,582.    (Not to be reported in full.)

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

### Statement of the Case.

Bill by Modern Woodmen of America, complainant, against Julia A. Binder, defendant, to enjoin the collection of a judgment obtained by defendant against complainant. From a decree for complainant, defendant appeals.

MURPHY, LYON & JOHNSON, for appellant.

TRUMAN PLANTZ, GEORGE G. PERRIN and CHARLES L. ABBOTT, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 321*—*when enforcement of enjoined.* Equity will enjoin the enforcement of a judgment at law which is the result of an accident or mistake.

2. JUDGMENT, § 311*—*when enforcement of not enjoined.* Equity will not enjoin the collection of a judgment at law if the complaining party had opportunity to make his defense at law and neglected to do so.

3. JUDGMENT, § 321*—*when in action on insurance policy deemed procured by mistake.* Where an insurance company, defendant in an action on a life insurance policy by the beneficiary, the wife of the insured, based upon the presumptive death of the insured because of his absence for more than 7 years without having been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

heard from or of, made inquiries of the wife and also other inquiries, and made every effort in its power to ascertain whether the insured was alive before the time of trial but failed, the judgment will be treated as the result of an accident, upon it being later accidentally ascertained that the insured is still alive, and equity will enjoin the enforcement of the judgment.