# Louisa W. Steen, Appellant, v. Modern Woodmen of America, Appellee.

## Gen. No. 25,140.

1. Insurance, § 822*—*what is interest of beneficiary.* The beneficiary named in a certificate of insurance issued by a fraternal organization has no vested interest in the certificate.

2. Insurance, § 747*—*when by-laws of fraternal order may · be changed.* Where the contract between a member of a fraternal insurance society and the society reserves the right to the latter to amend or change the by-laws, and the member agrees to be bound thereby and accepts the certificate under such conditions, subsequently enacted by-laws are binding upon him.

3. Insurance, § 746*—*when by-law is not uncertain.* The by-law of a fraternal insurance organization which clearly provides that where there is not proof of actual death, no presumption of death shall arise by reason of a member's continued absence, unheard from, until the full term of his expectancy of life has expired, is not void as uncertain, unreasonable or against public policy.

4. Insurance, § 890*—*what evidence is admissible to establish death.* A by-law of a fraternal insurance order which provides that no lapse of time, absence or disappearance of a member shall entitle his beneficiary to recover the amount of his certificate "without proof of the actual death" of such member, does not necessarily exclude circumstantial evidence in connection with such disappearance.

5. Constitutional law, § 95*—*vested right in rule of evidence.* No one has a vested right in a rule of evidence.

6. Appeal and error, § 426*—*when demurrer is necessary to attack plea.* In the absence of a special demurrer, the Appellate Court need not discuss criticisms relating to the form of a plea.

Appeal from the Superior Court of Cook county; the Hon. Joseph H. Fitch, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed April 30, 1920.

Vincent D. Wyman, Harry C. Kinne and Charles E. Carpenter, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

TRUMAN PLANTZ and GEORGE V. McINTYRE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a suit to recover on a certificate or policy of insurance whereby appellee, a fraternal organization, insured the life of Albert F. Steen, and promised to pay at his death to his wife, the appellant, $2,000, subject to the conditions mentioned therein. Copies of the certificate and application of the member are made part of the declaration, the former stating that it is issued in consideration of the warranties and agreements in the application, and the latter that the applicant agrees "to conform in all respects to the laws, rules and usages of the Order now in force, or which may hereafter be enacted and adopted by the same."

The declaration is predicated on the presumption of the applicant's death after an alleged unexpected disappearance and absence for 7 years, there being averments of a diligent and fruitless search and inquiry to find or locate him.

Appellee specially pleaded the terms of the contract, embracing said certificate, application, and by-laws of the Order, including the following amended by-laws duly adopted by appellee nearly 2 years prior to the disappearance of said insured:

"Sec. 64.   Action on certificates must be brought within eighteen months.   No action for recovery on a death claim based upon any benefit certificate heretofore or hereafter issued by this society can or shall be maintained until after the proofs of death and claimant's rights to benefits, as provided in these by-laws, shall have been filed with the head clerk and passed upon by the board of directors, nor unless brought within eighteen months from the date of death of the member."

"Sec. 66.   Disappearance No Presumption of Death.

No lapse of time or absence or disappearance on the part of any member heretofore or hereafter admitted into the society without proof of the actual death of such member, while in good standing in the society, shall entitle his beneficiary to recover the amount of his benefit certificate, except as hereinafter provided. The disappearance or long continued absence of any member unheard of shall not be regarded as evidence of death or give any right to recover on any benefit certificate heretofore or hereafter issued by the society until the full term of the member's expectancy of life, according to the National Fraternal Congress Table of Mortality, has expired within the life of the benefit certificate in question, and this law shall be in full force and effect, any statute of any state or country or rule of common law of any state or country to the contrary notwithstanding. The term, 'within the life of the benefit certificate,' as here used, means that the benefit certificate has not lapsed or been forfeited, and that all payments required by the by-laws of the society have been made.''

The plea averred that proof of the actual death of said Albert F. Steen had, therefore, never been furnished to defendant, and the expectancy of life of said Albert F. Steen according to said table of mortality has not expired.

To this plea a general demurrer was filed and overruled. Plaintiff elected to stand by her demurrer, thus raising the question whether the subsequently adopted by-laws as aforesaid are valid and binding upon appellant.

It is settled beyond controversy that the beneficiary in such a case has no vested interest in the certificate, and that where the contract between a member and the society reserves the right to the society to amend or change the by-laws, and the member agrees to be bound thereby and accepts the certificate under these conditions, subsequently enacted by-laws are binding upon him. (*Apitz v. Knights & Ladies of Honor,* 274 Ill. 196; *Royal Arcanum v.*

*McKnight,* 238 Ill. 349, and cases there cited.)

But appellant urges that the by-law is void for uncertainty and unreasonableness and as against public policy. We think none of these contentions is tenable. The unmistakable purpose and meaning of said section 66 is to substitute for the common-law rule of evidence which presumes the death of a person after his continued absence, unheard from, for a period of 7 years, proof of his actual death, and that there shall be no liability under the common-law rule alone until the full term of the member's expectancy of life, according to the National Fraternal Congress Table of Mortality, has expired within the life of the benefit certificate. There is no uncertainty in the meaning of said by-law. It very clearly provides that where there is not proof of actual death, no presumption of death will arise until the full term of the member's expectancy of life has expired as aforesaid. Appellant's contention that the word "actual," as used in the by-law, does not add to the meaning of the word "death," as used therein, ignores the difference between sole reliance upon the common-law rule of presumptive death and the requirement of evidence tending to prove actual death, which does not, as appellant seems to assume, necessarily exclude circumstantial evidence connected with such disappearance. In fact plaintiff recognizes the distinction by pleading that the member "was presumed by law to be dead."

Nor is the substituted requirement of proof of actual death unreasonable, for cases are not infrequent where a member appeared to be alive after a suit was brought predicated on his death. *(Modern Woodmen of America v. Binder,* 211 Ill. App. 659; *Aldridge v. Brotherhood of American Yeomen,* 154 Mo. App. 700, 136 S. W. 31; *Caldwell v. Modern Woodmen of America,* 90 Kan. 175, 133 Pac. 843.) Not only is the reasonableness of the substituted rule sustained by high authority (2 Greenleaf, sec. 278-E), but its validity

has been upheld in other jurisdictions. (*Kelly v. Catholic Mutual Benefit Ass'n*, 46 N. Y. App. Div. 79, and *McGovern v. Brotherhood of Firemen & Engineers*, 21 Ohio Cir. 243, cited with approval in *Apitz v. Knights & Ladies of Honor*, 274 Ill. 196; *Cobble v. Royal Neighbors of America* (Mo. App.), 219 S. W. 118, and *Porter v. Home Friendly Society*, 114 Ga. 937, 41 S. E. 45.) The validity of even more drastic provisions in by-laws passed subsequent to the issuing of the benefit certificate has been upheld. We need not refer to the cases. Some of them are mentioned in the *Apitz* case, *supra*. Generally speaking, such provisions, if not unreasonable or against public policy, are considered from the viewpoint of a rule of evidence with respect to which parties have a right to contract. It is settled law that no one has a vested right in a rule of evidence. The only difference between the common-law rule and the by-law in question is that the presumption in the former arises at the end of 7 years and in the latter at the end of the member's expectancy. Some cases are cited by appellant where the by-law was passed after the member's disappearance. What was said therein respecting such a situation clearly has no application to a by-law passed before the member's disappearance.

In the absence of a special demurrer we need not, of course, discuss appellant's criticisms of the plea relating to mere matters of form. We think the averments of fact therein were sufficient to state a legal defense, and that the by-law is not in contravention of any public law nor against public policy. In fact most of appellant's contentions are fully answered by the *Apitz* case, *supra*.

The judgment will be affirmed.

*Affirmed.*

Mr. Presiding Justice Matchett and Mr. Justice Gridley concur.