## Coffey v. The Maccabees, Appellant.

*Beneficial societies—Beneficial certificates—Change of beneficiaries —By-Laws—Officers—Authority—Suspension of members.*

The right of a member of a beneficial association to change his beneficiary is subject to the qualification that such right be exercised strictly in accordance with the by-laws of the association; otherwise the latter is not bound to recognize the new beneficiary. This rule is subject to the exception that where the policy holder has made every reasonable effort to effect a change of beneficiary it will be given effect.

In an action of assumpsit on a fraternal benefit certificate naming the mother of the insured as the beneficiary, it appeared that the

member while in good standing made an application to the association for the substitution of plaintiff, his brother, as beneficiary and then immediately disappeared and was absent and unheard of for a period of seventeen years; that when the application was returned to plaintiff by the association, accompanied by a letter stating why it had been rejected, no effort was made by plaintiff to have himself substituted as beneficiary, but, for a period of almost seventeen years, he paid the dues of the insured to the proper officer of the subordinate lodge, who accepted the payments with knowledge of the absence of the insured. There was no evidence that the supreme record keeper or any officer of the supreme lodge had knowledge of the disappearance of the insured. The by-laws of the society provided that any member departing from his home and remaining away for a period of one year, without reporting to the record keeper of his tent his location with postoffice address, forfeits his membership and his certificate becomes null and void. The plaintiff was a member of the society and was familiar with its by-laws.

Under such circumstances, the plaintiff was not entitled to recover and judgment non obstante veredicto will be entered for the defendant.

The acts of defendant's local record keeper beyond the scope of his prescribed authority would not amount to a waiver or work an estoppel in the absence of knowledge of the supreme lodge and acquiescence therein.

A beneficial society may by stipulations in its by-laws limit the power of its officers and agents with reference to an estoppel and waiver.

Where a beneficial certificate contains an agreement on behalf of the member to be bound by laws subsequently enacted regulating the conduct of members such after enacted laws are valid and the member is bound thereby if the adoption of the law precedes the conduct, acts or omissions of the members to which it relates.

Argued April 27, 1927.    Appeal No. 129, April T., 1927, by the defendant from order of C. P. Allegheny County, October T., 1923, No. 2473, in the case of Thomas W. Coffey v. The Maccabees. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Reversed.

Assumpsit to recover a sum of money under a beneficial certificate. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $2,350 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the judgment of the Court.

*Cornelius D. Scully, Harold K. Brooks, J. A. Langfitt* and *J. A. Langfitt, Jr.,* for appellant.—The benefit certificate was void and there was no valid change of beneficiary: Act of 1921, P. L. 916, Section 6; National Mutual Aid Society v. Lupold, 101 Pa. 111; Bell v. Police Beneficiary Association, 270 Pa. 407; Masonic Mutual Association v. Jones, 154 Pa. 107; Downing v. Downing, 82 Pa. Superior Ct. 220; Supreme Council American Legion of Honor v. Smith, 45 N. J. Eq. 466; Chambers v. Maccabees, 200 Pa. 244; Steen v. Modern Woodmen of America, 296 Ill. 104; St. Patrick's Beneficial Society v. McVey, 92 Pa. 510; Schutte v. Kibler, 55 Pa. Superior Ct. 199; Mathers v. P. H. C., 55 Pa. Superior Ct. 421; Myers v. Alta Friendly Society, 29 Pa. Superior Ct. 498; Beeman v. Supreme Lodge, 29 Pa. Superior Ct. 387.

*Martin Croissant,* for appellee.—The receipt of payments by the agent was a waiver of the right to suspend the member and an acquiescence in the change of beneficiary: Central Market Street Co. v. North British etc. Ins. Co., 245 Pa. 272; Shultice v. Modern Woodman of America, 67 Wash. 65; Clymer Opera Co. v. Flood City M. F. Ins. Co., 238 Pa. 137; Bush v. Hartford F. Ins. Co., 222 Pa. 419.

OPINION BY GAWTHROP, J., July 8, 1927:

This is an action on a beneficial certificate. Defendant is a fraternal beneficiary association which carries on its operations through a supreme lodge and subordinate lodges, and as such issued a certificate of membership to John H. Coffey in 1890, reciting, inter alia, that

"his legal beneficiary named herein is entitled to receive one assessment on the membership, but not exceeding in amount the sum of two thousand dollars, and the said sum will be paid as a benefit to Johanna Coffey, his mother, upon satisfactory proof of his death, together with the surrender of this certificate, provided he shall have in every particular complied with the constitution, laws, rules and regulations of the order governing members and their beneficiaries which are in force, or may hereafter be adopted by the Supreme Tent or the Subordinate Tent to which he belongs." After the death of his mother, John H. Coffey attempted September 15, 1905, to substitute his brother, the plaintiff in this case, as beneficiary. The certificate contains a blank form of application for change of beneficiary which he attempted to execute. As signed by him the concluding paragraph of the application reads:

"Witness my hand and seal this—John H. Coffey —day of Sept. 15, 1905.

Tent Seal.                                    (SEAL)

Attest:

J. W. Driscoll,
    Record Keeper."

The certificate containing this application for change of beneficiary, together with a fee of fifty cents, was delivered by the member to the record keeper of his tent for transmission to the supreme record keeper, as required by the laws of the association, for the purpose of having a new certificate issued containing the name of plaintiff as the beneficiary. It does not clearly appear that this application was ever forwarded by the local record keeper to the supreme record keeper, but it does appear in plaintiff's case, and it is conceded, that it was returned by mail to the member and received by plaintiff with a letter stating that the appli-

cation had been rejected because the member had not signed his name on the proper line. John H. Coffey resided in the Borough of Homestead, Pennsylvania. About October 1, 1905, before the certificate was returned to him but while he was a member of the order in good standing, he went to Kansas and from that time until about the date of his death, which occurred in Arkansas, February 21, 1923, plaintiff was unable to locate him or communicate with him, although he made extensive inquiry in an attempt to find him. No further effort was made to secure the change of beneficiary, but the original certificate was retained by plaintiff who paid to the local record keeper the monthly assessments necessary to maintain his brother in good standing until April 3, 1922, when he wrote a letter to said record keeper advising him of the disappearance of his brother from his home for more than seven years and of his inability to locate him, and requesting blank forms for proof of death. Defendant refused to accede to any demand or to receive any further dues and notified plaintiff that John H. Coffey was suspended from the society by reason of his disappearance from home for more than one year, without making his location, with postoffice address, known to the record keeper of his tent as required by the laws of the society, and his endowment certificate was declared lapsed and forfeited and the suspension of the member was duly entered upon the records of the society as of May 15, 1922, and so remained until his death February 21, 1923. No objection to or protest against said suspension was made by anyone, nor was any effort made to secure reinstatement to membership. During the period in which the local record keepers accepted and turned over to the supreme record keeper the dues paid by plaintiff to keep his brother in good standing, they knew that John H. Coffey had disappeared and that his location and postoffice address

were unknown. There is no evidence that the supreme tent had any notice or knowledge thereof until April, 1922. The trial resulted in a verdict for plaintiff and from judgment entered thereon defendant brought this appeal.

While appellant has filed nineteen assignments of error the grounds on which it has resisted payment and on which it now insists that judgment should be entered in its favor are: (1) That the effort to change the beneficiary from Johanna Coffey to plaintiff was abortive and the change never took effect; (2) That at the time of the death of John H. Coffey he had been regularly suspended from the society and his benefit certificate was null and void. After the fullest consideration we are clear that both of these contentions must be sustained and that the judgment must be reversed.

That the right of a member of a fraternal benefit association to change his beneficiary is subject to the qualification that such right must be exercised strictly in accord with the by-laws of the association, otherwise the latter is not bound to recognize the new beneficiary named, is well settled in this State. (Downing v. Downing, 82 Pa. Superior Ct. 220; Bell v. Police Beneficiary Ass'n., 270 Pa. 407; Masonic Mutual Ass'n. v. Jones, 154 Pa. 107; Hunter v. Firemen's Ass'n., 20 Pa. Superior Ct. 605; Vollman's Appeal, 92 Pa. 50.) The laws of defendant, as amended in 1904 and in force when John H. Coffey attempted to change his beneficiary, provided as follows, viz: "A member desiring to change the beneficiary in his life benefit certificate shall surrender his old certificate, make a written request in the form provided on such certificate directing that a new certificate be issued to him payable to such beneficiary or beneficiaries as he may designate in accordance with the laws of the association, and deliver such certificate with the request for

change and a fee of fifty cents to the record keeper of his tent. The record keeper shall forward such certificate, the request for change, and the fee therefor to the supreme record keeper, who shall thereupon issue a new certificate to such member, bearing the same number as the one surrendered, if the request is in accordance with the laws of the association and all other conditions have been complied with.'' It is undisputed that the request for change of beneficiary made by John H. Coffey was informal and was rejected and returned for correction or re-execution; that there was no further effort to have the change made; and that no new certificate was ever issued. Manifestly no change of beneficiary was effected in the mode prescribed by the laws of the society. After the certificate containing the request for change of beneficiary was rejected by the society and returned, John H. Coffey could have named another beneficiary. While the rule is that the mode prescribed by the policy or by the laws of the society for changing the beneficiary must be followed, it is subject to the exception that where the policy holder has made every reasonable effort to effect a change of beneficiary it will be given effect. (Sproat v. Travelers Ins. Co., 289 Pa. 351; Gannon v. Gannon, 88 Pa. Superior Ct. 239; Herrod v. Kimbrough, 83 Pa. Superior Ct. 238; Kress v. Kress, 75 Pa. Superior Ct. 404.) There is an entire lack of evidence that the insured did all he reasonably could to effect the change of beneficiary. On the contrary he left his home without learning what action the society took upon his informal request for change of beneficiary and without making his location or post-office address known to the society or his relatives. There is nothing in this record to warrant a finding that there was a change of beneficiary. It follows that plaintiff cannot maintain his suit on the certificate. As plaintiff admitted at the trial that he has been a

member of defendant society since 1886 he had notice
of the requirements of the laws of the society in re-
spect to change of beneficiaries.  He also had notice of
law 287 of the society adopted 1904, as follows, viz:
"Any member who shall abscond, remove or depart
from his home, or last place of residence, and remain
away for a period of one year, and not report to the
record keeper of his tent his location, with postoffice
address, shall thereby forfeit his membership and his
certificate shall become null and void."  Therefore, it
cannot be said in truth that plaintiff was deceived or
imposed upon by the action of the record keeper of the
local tent in receiving the monthly dues and assess-
ments for John H. Coffey.

It seems equally clear that at the time of his death
in 1923 John H. Coffey had been regularly suspended
from the society and the membership certificate in suit
had become null and void.  While section 287 of the
laws, above quoted, providing that the disappearance
of a member in a certain manner "shall thereby forfeit
his membership and his certificate shall become null
and void," is drawn in the future tense and could not
be applied to this case if John H. Coffey had disap-
peared before its passage (Roblin v. Knights of the
Maccabees, 269 Pa. 139, 143), it may be held to have
controlled his actions in relation to the contract subse-
quent to its adoption, without any retroactive oper-
ation.  The certificate provides that the legal benefi-
ciary named therein is entitled to receive one assess-
ment not exceeding the amount of $2,000 to be paid to
Johanna Coffey, the member's mother, upon satisfac-
tory proof of his death "provided he shall have in
every particular complied with the constitution, laws,
rules and regulations of the order ........ which are
now in force or may hereafter be adopted."  Where
the benefit certificate contains an agreement on behalf
of the member to be bound by laws subsequently

enacted regulating the conduct of members, such after-enacted laws are valid and the member is bound thereby if the adoption of the law precedes the conduct, acts or omissions of the members to which it relates: Chambers v. Maccabees, 200 Pa. 244; Schutte v. Kibler, 55 Pa. Superior Ct. 199; Steen v. Modern Woodmen of America, 296 Ill. 104; Apitz v. Supreme Lodge K. & L. of H., 274 Ill. 196. It follows that John H. Coffey and his beneficiary were bound by law 287 adopted in 1904, the year preceding his disappearance. Under that law his disappearance and his failure to report his residence and postoffice address within a year automatically forfeited his membership in the society and rendered the certificate null and void. True, the court below sustained plaintiff's objection to defendant's offer of this section of the laws in evidence, the reason for the ruling being, as stated in the opinion of the learned trial judge, that at the time there was no proof that action had been taken in pursuance of that section. Clearly the ruling was erroneous as the law was self-operating and no action of the society or any officer thereof was necessary to effect a forfeiture of the membership or to render the certificate null and void. Nor was the error cured by the admission in evidence of certain other sections of the laws of the society relating to the duties of the local record keeper in respect to members who had been absent and whose residence had been unknown for one year, and providing that said record keeper shall at once suspend the member and report his action to the supreme record keeper.

The learned trial judge submitted to the jury the question whether there had been such a course of conduct on the part of defendant with reference to the acceptance of monthly dues and assessments from plaintiff as would estop it from alleging a forfeiture. The question is whether defendant was affected by the acts

of the local record keeper in accepting dues and assessments from plaintiff for a period of almost seventeen years with knowledge that John H. Coffey had disappeared and that his whereabouts was unknown, and by assuring plaintiff that it was all right to continue making such payments, and whether such conduct amounted to a waiver by defendant of the member's performance according to the laws of the society. It must be observed that the relations of plaintiff were not directly with defendant but with record keeper of his tent. The laws of the society provide that the tent and its officers, in performing the duties and administering the powers provided by the laws of the association, shall be the agent or agents of the members thereof and not of the association, and no act or failure to act by the tent or by an officer or member thereof shall create or be construed to create any liability on the part of the association; that no act or failure to act on the part of the record keeper of a subordinate tent shall have the effect of creating any liability on the part of the association or of waiving any right belonging to it; and that the receipt, retention or transmission to the supreme record keeper by the record keeper of a tent of any money contrary to the laws shall not have the effect of waiving the forfeiture of a certificate and all rights and privileges of the member in the association. It is generally held that a beneficial society may by stipulations in its by-laws limit the power of its officers and agents with reference to an estoppel and waiver. In this event the member and the beneficiary are charged with knowledge of the limitation and are bound thereby, so that neither may rely on the acts of officers and agents which might otherwise create an estoppel or amount to a waiver. (29 Cyc. 188.) But irrespective of this principle it was the duty of the local record keeper to receive from the members the sums due by them and forward the

same to the supreme record keeper. There is no evidence that the supreme record keeper, or any officer of the supreme lodge, had any knowledge that John H. Coffey had disappeared until 1922. Therefore we find no foundation on which to rest a conclusion that there was a waiver of the law of the society which worked a forfeiture of the certificate on account of the member's disappearance in violation thereof. In the absence of evidence of such general authority of the local record keeper as would bind the principal, knowledge of the conduct of that officer relied upon as constituting a waiver should be brought home to the supreme body. The acts of the local record keeper beyond the scope of his prescribed authority would not amount to a waiver or work an estoppel in the absence of knowledge of the supreme lodge and acquiescence therein. They were not the acts of defendant and the insured and the beneficiary are charged with knowledge of that fact. (Mathers v. Protected Home Circle, 55 Pa. Superior Ct. 421.)

After the fullest consideration, we are constrained to hold, therefore, that the evidence in the record did not warrant a submission of the question of waiver to the jury. Plaintiff had no right to assume that the beneficiary certificate was in force after John H. Coffey's disappearance continued beyond the period of one year. Nor had the defendant society any right to collect and receive the dues and assessments from plaintiff after that period had elapsed: Schutte v. Kibler, supra. Defendant's point for binding instructions should have been affirmed.

The judgment is reversed and judgment is now entered for defendant.